UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> INVIGORATING SERVICES, LLC, ERIN L. MUSHEKURU, and ARMEL MUSHEKURU, <br> Defendants | Civil Action No. 1:23-cv-86 |

# COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the defendants Invigorating Services, LLC ("Invigorating Services") and Erin L. Mushekuru and Armel Mushekuru (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2) and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act, for Defendants' employees.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from November 21, 2020 through November 18, 2022 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

1

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant Invigorating Services is a corporation within this Court's jurisdiction with an office at 4800 1st Avenue NE, Suite 102, Cedar Rapids, Iowa 52402 where it conducts business.

4. Invigorating services is a medical transportation and in-home care center for the elderly and disabled.

5. Defendants Erin L. Mushekuru and Armel Mushekuru have actively managed and supervised Invigorating Service's operations and its employees during the Investigation Period. Among other things, Erin L. Mushekuru and Armel Mushekuru have hired and fired employees, set their work schedules, and set their pay rates.

6. Erin L. Mushekuru ad Armel Mushekuru have acted directly or indirectly in Invigorating Services's interests with respect to its employees and are therefore "employers" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Linn County, within this Court's jurisdiction.

### The FLSA Applies to Defendants

8. Invigorating Services is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. Invigorating Services is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

### FLSA Violations

10. Defendants also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Invigorating Services arbitrarily paid some overtime but not all overtime because of the way it computed its employee's hours worked. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

11. Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. Invigorating Services failed to keep accurate time records for numerous employee work weeks.

### Remedies Sought

12. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

13. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Acting Secretary does not currently know.

14. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

**Prayer for Relief**

As a result of Defendants' repeated FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor


/s/ Jeffrey Mendoza
Jeffrey Mendoza
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
(816) 285-7260 (Main)
(816) 285-7271 (Direct)
(816) 285-7287 (fax)
Mendoza.Jeffrey@dol.gov

*Attorneys for Plaintiff Julie A Su,*
*Acting Secretary of Labor,*
*United States Department of Labor*

5