# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIN L. MUSHEKURU, ARMEL MUSHEKURU, and INVIGORATING SERVICES, LLC,<br><br>    Defendants. | No. 23-CV-00086-CJW-KEM<br>**ORDER** |

This matter is before the Court on plaintiff's Motion to Approve Consent Judgment. (Doc. 15). In its Complaint, plaintiff alleges defendants violated the overtime and recordkeeping provisions of the Fair Labor Standards Act ("FLSA"). (Doc. 1, at 3). Defendants consent to entry of judgment against them. (Doc. 15). Thus, plaintiff requests the Court enter the proposed Consent Judgment. (*Id.*); *see also* (Doc. 15-1).

Before entering a consent decree,[1] a court must find that "the settlement is procedurally fair, substantively fair, reasonable, and consistent with [the governing law]." *United States v. Union Elec. Co.*, 934 F. Supp. 324, 327 (E.D. Mo. 1996), *aff'd*, 132 F.3d 422 (8th Cir. 1997). "To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gage its candor, openness, and bargaining balance." *Id.* (quoting *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 86 (1st Cir. 1990)). "Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally

---

[1] The terms "consent decree" and "consent judgment" are interchangeable. *See, e.g.*, *Barcia v. Sitkin*, 367 F.3d 87, 90 (2d Cir. 2004).

1

responsible." *Id.* at 328 (quoting *Cannons Eng'g Corp.*, 899 F.2d at 87). Reasonableness concerns "the technical adequacy of the remedies proposed and the adequacy of the settling defendants' obligations to cover the response costs, particularly weighed against the savings represented by settlement over litigation." *Id.* at 331 (citation omitted). Consistency with the law concerns the extent to which the consent decree furthers the overarching principles and purposes of relevant statutes or regulations. *Id.* (citing *Cannons Eng'g Corp.*, 899 F.2d at 90).

Consent decrees should arise from and resolve a dispute within the court's subject-matter jurisdiction, fall within the scope of the case, and further the objectives of the relevant law. *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012). Courts have considerable discretion in deciding whether to approve a proposed consent decree. *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1019 (8th Cir. 2002). Although settlement is favored, courts must not shirk their duty to fairly adjudicate cases merely because the parties have jointly proposed a consent decree. *See Angela R. ex rel. Hesselbein v. Clinton*, 999 F.2d 320, 324 (8th Cir. 1993). Thus, a court may not merely "rubber stamp" a consent decree but must instead carefully consider "the underlying facts and legal arguments." *BP Amoco Oil*, 277 F.3d at 1019. Indeed, federal courts are not merely "recorders of contracts from whom parties can purchase injunctions." *Angela R.*, 999 F.2d at 324 (citation, alteration, and internal quotation marks omitted).

Here, the Court finds that the proposed consent judgment is fair and reasonable. As to procedural fairness, defendants appear to have had the opportunity to consult with legal counsel prior to reaching a settlement agreement with plaintiff. (*See* Doc. 11, at 2). Also, the parties jointly signed the proposed consent judgment. (Doc. 15-1, at 6). As to substantive fairness, defendants will be held accountable for the harm at issue, including paying funds that represent the unpaid overtime compensation sought by plaintiff. (*Id.*, at 3). Both parties will also be spared the time and expense of further litigation. As to reasonableness, the consent judgment appears to conform to legal requirements, its terms are clear, it resolves the claims at issue, and there is no indication

2

that it is tainted by any corrupt influence. (*See id.*, at 1-6). And last, the proposed consent judgment is consistent with the FLSA in that it upholds the law's overtime and recordkeeping requirements and establishes a permanent injunction which bars defendants from further potential violations. (*Id.*, at 2-3).

For these reasons, the Court **grants** plaintiff's motion. (Doc. 15). The Court **directs** the Clerk of Court to enter the proposed consent judgment. (Doc. 15-1).

**IT IS SO ORDERED** this 15th day of March, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa